15UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MORGAN & CURTIS ASSOCIATES, INC., on behalf of itself and all others similarly situated,

      Plaintiff,

   -vs.-

K-D FRAME AND DOOR CORPORATION,

      Defendant.

16 cv _____

Complaint

Class Action

Jury Demanded

## COMPLAINT

  Plaintiff Morgan & Curtis Associates, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, alleges as follows:

## INTRODUCTION

  1. Plaintiff brings this action against K-D Frame and Door Corporation ("Defendant") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa.  Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  In addition, the TCPA and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as solicited fax advertisements that do not contain properly worded opt-out notices.  The New York legislature enacted GBL § 396-aa for similar purposes.

  2. Upon information and belief, Defendant has sent or caused to be sent over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services which did not contain proper opt-out notices to persons throughout the United

States from four years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint. As a result, Defendant is liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

3. Upon information and belief, Defendant has caused to be sent out thousands of fax advertisements for goods and/or services that were unsolicited and lacked proper opt-out notices to persons throughout New York State from three years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint. As a result, Defendant is liable to Plaintiff and the proposed Class C of similarly situated persons under GBL § 396-aa.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because, upon information and belief, this is the judicial district in which Defendant resides. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's and Class C's claims under GBL § 396-aa.

## THE PARTIES

6. Plaintiff is a New York corporation with its principal place of business located at 95 Broadway, Hicksville, New York 11801.

7. Upon information and belief, Defendant is a New York corporation with its principal place of business at 59-45 63rd Street, Maspeth, New York 11378.

## DEFENDANT'S ILLEGAL JUNK FAXES

8. At all times relevant to this action, Plaintiff had telephone service at its place of business located at 95 Broadway, Hicksville, New York 11801. Plaintiff

receives facsimile transmissions on its telephone facsimile machine at this location.

9. Upon information and belief, on or about October 26, 2015, Defendant, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement (the "Fax Advertisement") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at located at 95 Broadway, Hicksville, New York 11801.  A copy of the Fax Advertisement is attached hereto as Exhibit A and is incorporated into this Complaint by reference.

10. Among other things, the Fax Advertisement advertises the sale of Defendant's products including, but not limited to doors, pine moulding and hardware.

11. Plaintiff did not provide Defendant with express invitation or permission to send any fax advertisements to Plaintiff.  The Fax Advertisement was wholly unsolicited.

12. The Fax Advertisement caused damage to Plaintiff in that it used up Plaintiff's paper and toner, invaded Plaintiff's privacy and wasted Plaintiff's time.

13. The Fax Advertisement does not contain any opt-out notice whatsoever.

14. This lack of an Opt Out Notice in the Fax Advertisement violates all of the opt-out requirements of 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(3)(iii), because, among other things, the Fax Advertisement:

>   (A) fails to provide an Opt Out Notice that is clear and conspicuous on the first page of the Fax Advertisement;
>
>   (B) fails to provide a domestic facsimile machine number to which the recipient may transmit an opt-out request;

(C) fails to provide a domestic contact telephone number to which the recipient may transmit an opt-out request;

(D) fails to provide a cost-free mechanism to which the recipient may transmit an opt-out request;

(E) fails to state that a recipient's request to opt out of future fax advertising will be effective only if the request identifies the telephone number(s) of the recipient's telephone facsimile machine(s) to which the request relates;

(F) fails to state that the sender's failure to comply with an opt-out request within 30 days is unlawful; and

(G) fails to state that a recipient's opt-out request will be effective so long as that person does not, subsequent to making such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements.

15. The lack of the Opt Out Notice in the Fax Advertisement violates GBL § 396-aa because, among other things, it

(A) fails to state that a recipient may make an opt-out request by written, oral or electronic means; and

(B) fails to provide an Opt Out Notice that is clear and conspicuous on the first page of the Fax Advertisement.

16. Upon information and belief, Defendant either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisement to be sent to Plaintiff's fax machine.

17. Upon information and belief, Defendant has, from four years prior to the date of the filing of the instant Complaint through the date of the filing of the instant

4

Complaint, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial availability or quality of Defendant's property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States which contained no opt out notice whatsoever.

18. Upon information and belief, Defendant has, from four years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of Defendant's property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States, which contained no opt-out notice whatsoever.

19. Upon information and belief, Defendant has, from three years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of *unsolicited* fax advertisements advertising the commercial availability or quality of Defendant's property, goods, or services, to fax machines and/or computers belonging to thousands of persons in New York State, which contained no opt-out notice whatsoever.

## CLASS ALLEGATIONS

20. Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

21. Plaintiff seeks to represent three classes (the "Classes") of individuals, each defined as follows:

Class A:  All persons from four years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint to whom Defendant sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services which did not contain an opt-out notice.

Class B:  All persons from four years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint to whom Defendant sent or caused to be sent at least one *unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services which did not contain an opt-out notice.

Class C:  All persons in the State of New York to whom, from three years prior to the date of the filing of the instant Complaint through the date of the filing of the instant Complaint, Defendant sent or caused to be sent at least one facsimile advertisement without having obtained express invitation or permission to do so and/or which did not contain an opt-out notice.

22.   <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit the parties and this Court.  Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C.  Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including Defendant's fax and marketing records.

23.   Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice,

6

e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

24. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendant at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services which did not contain an opt-out notice.

25. Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and the members of Class B were sent or caused to be sent by Defendant, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services which did not contain an opt-out notice.

26. Plaintiff's claims are typical of the claims of the members of Class C because the claims of Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct.  Among other things, Plaintiff and members of Class C were sent or caused to be sent by Defendant, without Plaintiff's or the Class C members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services which did not contain an opt-out notice.

27. <u>Common Questions of Fact and Law</u>:  There is a well-defined community

of common questions of fact and law affecting the Plaintiff and members of the Classes.

28. The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods or services which did not contain opt-out notices violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendant's sending and/or causing to be sent such fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's conduct;

(d) Whether Plaintiff and members of Class A are entitled to multiple statutory damages per fax advertisement Defendant sent or caused to be sent to them because each fax advertisement contains multiple violations of the TCPA and the regulations promulgated thereunder; and

(e) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

29. The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax

advertisements advertising the commercial availability or quality of any property, goods, or services which did not contain opt out notices violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendant's conduct;

(d) Whether Plaintiff and members of Class B are entitled to multiple statutory damages per fax advertisement Defendant sent or caused to be sent to them because each fax advertisement contains multiple violations of the TCPA and the regulations promulgated thereunder; and

(e) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

30. The questions of fact and law common to Plaintiff and Class C predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class C, without Plaintiff's and Class C's express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services, violated GBL § 396-aa; and

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendant's conduct; and

9

(c) Whether Plaintiff and members of Class C are entitled to multiple statutory damages per fax advertisement Defendant sent or cause to be sent to them because each fax advertisement contains multiple violations of GBL 396-aa.

31.     Adequacy of Representation:  Plaintiff is an adequate representative of the Classes because its interests do not conflict with the interests of the members of the Classes.  Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation, and TCPA cases.

32.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims.  While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small.  The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them.  The likelihood of the individual Class members' prosecuting separate claims is remote.  Plaintiff is unaware of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes.

33.     Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes.  Plaintiff knows of no difficulty to be encountered in the

management of this action that would preclude its maintenance as a class action.

34. <u>Injunctive Relief</u>:  Defendant has acted on grounds generally applicable to the members of Classes A and B, thereby making appropriate final injunctive relief with respect to Classes A and B.

## **FIRST CLAIM FOR VIOLATION OF THE TCPA**

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34.

36. By the conduct described above, Defendant committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

37. Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

38. If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain notices satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendant to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34.

40. By the conduct described above, Defendant committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

41. Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

42. If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain notices satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class B, Plaintiff requests that the Court increase the damage award against Defendant to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## THIRD CLAIM FOR INJUNCTIVE RELIEF

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34.

44. Defendant committed thousands of violations of 47 U.S.C. § 227(b).

45. Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendant, prohibiting Defendant from committing further violations of the TCPA and regulations thereunder.

## FOURTH CLAIM FOR VIOLATION OF GBL § 396-aa

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34.

47. By the conduct described above, Defendant committed numerous violations of GBL § 396-aa against Plaintiff and the members of Class C, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and/or did not contain notices satisfying the requirements of GBL § 396-aa.

48. Pursuant to GBL § 396-aa, Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A. An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing Aytan Y. Bellin of Bellin & Associates LLC as counsel for the Classes;

B. an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendant's violations of that statute and the regulations promulgated thereunder;

C. if it is found that Defendant willfully and/or knowingly sent and/or caused to be sent the fax advertisements alleged to Classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D. an injunction against Defendant prohibiting it from committing further violations of the TCPA and regulations described above;

E. an award to Plaintiff and the members of Class C of statutory damages of $100 per violation of GBL § 396-aa in an aggregate amount to be determined at trial; and

F. such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
January 14, 2016

**MORGAN & CURTIS ASSOCIATES, INC. ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED**

By: *[signature]*
Aytan Y. Bellin
Bellin & Associates LLC
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 358-5345
Fax: (212) 571-0284
aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff*

# EXHIBIT A



KD FRAME & DOOR

**MAIN OFFICE:**
59-45 63rd Street
Maspeth, NY 11378

**MANUFACTURING FACILITY:**
32 Windsor Place
Central Islip, NY 11722

We are pleased to introduce ourselves as one the leading manufacturers of wood doors, metal doors and frames. We supply all types of commercial and residential hardware

Since 1965, we have proudly served the Tri-State area providing the best quality and competitive pricing. Because we make everything in our manufacturing facility, we have very fast lead times.

WE PROVIDE THE FOLLOWING PRODUCTS:

- **HOLLOW METAL DOORS AND FRAMES** (both stock and custom designs available)
- **INTERIOR PREHUNG HOLLOW CORE AND SOLID CORE DOORS** (both stock and custom designs available)
- **EXTERIOR DOORS** (both stock and custom doors available)
- **PINE MOULDINGS OR MDF** (all standard profiles are primed finger joint pine)
- **NATIONAL BRAND AND IMPORT HARDWARE**

I look forward to doing business with you in the near future.

Thank you,
Ralph Sklar
kddoor@aol.com
917 807 8164

*32 Windsor Place * Central Islip, NY 11722 * Phone 631-236-4104 * Fax 631-236-4101 *
*59-45 63rd Street * Maspeth, NY 11378 * Phone 718-366-1700 * Fax 718-381-7179 *